Mr. -Chief Justice Watkins delivered the opinion of the Court. The indictment charges that four persons, including the appellant, on, &c., at, &c., “did bet the sum of $10, at and upon and against a certain unlawful gambling device commonly called a faro bank.” The appellant being put upon his trial separately, the proof was that he bet money on a faro bank in the county of Sebastian, within twelve months next before the finding of the indictment, but that neither of the other defendants named in the indictment was in any wise interested or concerned in such betting. The jury returned into the court, and reported a disagreement, -when the judge told them that the only thing they had to try was simply whether the defendant, Johnson, bet money on a faro bank in said county, at any time within twelve months next before -the finding of the indictment. The jury returned a verdict of guilty, and the defendant moved for a new trial for misdirection, and because the evidence failed to show a joint betting, or that the other defendants named in the indictment were concerned in the bet proved to have been made by Johnson. The defendant excepted to the decision overruling his motion for new •trial. No exception appears to have been taken by him to any instructions of the court, but the same question is in effect presented by the last ground of the motion. If the State was bound upon this indictment to prove a joint betting by the defendants,there is manifestly a want of proof to warrant the jury in finding the defendant guilty, and the court below should have set aside the verdict. No case decided by this court touches the present one, unless it be that of Drew vs. State, (5 Eng. 82,) where the indictment charged that two persons bet a large sum of money, to wit, &c., at and upon a certain unlawful game called faro. One of the persons was tried and convicted. The only point raised or decided there, is based on the distinction between the games prohibited in the 1st section of the statute, commoly called the banking games, which are set up or exhibited to be bet against by all comers, and the smaller games mentioned in the 8th section, where in order to constitute the game the persons engaged in it play against each other. This distinction is noticed in the case of Stith vs. The State, decided at the present term. But it does not appear from the report of Drew vs. The State, whether the proof showed a joint or several betting, and the objection taken here was not made or passed upon in that case. The offence charged in this indictment is not necessarily a several one, or personal to the party committing it, such as perjury; nor is it necessarily joint, as conspiracy or riot. The act of betting may be joint as well as several; and where two or more persons unite in committing an offence, each one is responsible for his agency in it, and they may be indicted jointly or separately, or if jointly indicted, may, under the statute, sever on their trial, and one may be convicted and the other acquitted. Ordinarily, where two or more are charged with committing an offence, as, for instance, assaulting and beating a certain person, the offence may be proved at the trial to be several as well as joint. The indictment contains a specific allegation of an assault upon a particular person, and is notice to the defendants of the accusation against which they are called upon to defend and sufficient to protect them, whether convicted or acquitted, from any subsequent indictment for the same offence. It is settled, by the decisions of this court, upon the statute ■ against gaming, that if the betting be against any of the banking games mentioned in the first section, it is sufficient for the indictment to allege that the defendant bet against or upon such game; if the betting be upon any of the games mentioned in the 8tli section, the indictment must set out the names of the persons by whom the game upon which the defendant bet was played; but it is not necessary, in any casé, that the indictment should set forth the name of the person with whom the defendant bet; though upon the principle established in Haney vs. The State, (4 Eng. R. 193,) if the indictment undertake to do so, no part of it can be rejected as surplusage, if descriptive of any act which is part or parcel of the oifence, but the State is held to the proof of such allegations, though unnecessarily specific. It must be apparent that, while we adhere to these decisions, they go as far in aid of the due enforcement of the statute, as could well be done without injustice to the accused. The act of betting may be casual, or it may be frequent. There is nothing about any particular act of betting, with which a party may be charged, that bears upon it the mark of identification, except it be that where the betting is upon any of the games mentioned in the 8th section, the names of the persons by whom the game was played, must be set out. t But, as decided by this court, where the betting is against any of the banking games prohibited by the 1st section, the indictment need not furnish any further description of the body or substance of the offence than that the defendant bet against one of those games. Such is the case here.There is no identification of the betting for which these defendants were jointly indicted, unless by legal intendment the allegation means a joint betting, and which is to be proved as alleged. Unless it does this, the charge is not sufficiently full to enable the accused to defend against it, or to protect him from another accusation for the same offence. Conceding that any number of defendants severally committing the same species of offence, may be joined in one indictment, though such a practice is liable to be productive of much-inconvenience, and one certainly not to be encouraged in view of’ the simplicity of criminal proceedings sought .to be attained by our laws, yet an indictment containing, as this does, but one count, would only be available for any such purpose by charging that the defendants severally bet. The opinion of the court is, that the judgment here appealed from ought to be reversed, and the cause remanded, with instructions to grant a new trial, and for further proceedings according to law and not inconsistent with this opinion.